IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| and | ) |
| THE STATE OF OHIO, | ) |
|  | ) Civil Action No.: |
| Plaintiffs, | ) |
| v. | ) |
| THE CITY OF LAKEWOOD, OHIO, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, the United States of America, by authority of the Attorney General of the United States, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Ohio (the "State"), by authority of its Attorney General, acting at the request and on behalf of the Ohio Environmental Protection Agency ("OEPA"), allege as follows:

### INTRODUCTION

1. This is a civil action brought by the United States and the State pursuant to the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), and the Ohio Revised Code ("Ohio Rev. Code") §§ 6111.07 and 6111.09 against the City of Lakewood, Ohio ("Lakewood" or "Defendant"). The Complaint seeks injunctive relief and civil penalties against Lakewood for violations of 33 U.S.C. § 1311 and Ohio Rev. Code §§ 6111.07 and 6111.09, for discharges of pollutants into Lake Erie and the Rocky River in violation of conditions established in

Lakewood's National Pollutant Discharge Elimination System ("NPDES") permits issued by OEPA, as authorized by EPA under 33 U.S.C. § 1342(b).

## JURISDICTION, VENUE AND AUTHORITY

2. This Court has jurisdiction over the subject matter of this action pursuant to 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345 and 1355. Ohio is a party to this action pursuant to 33 U.S.C. § 1319(e), and 28 U.S.C. § 1367(a).

3. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because the state claims are related to the federal claims and form part of the same case or controversy.

4. This Court has personal jurisdiction over Lakewood pursuant to 33 U.S.C. § 1319(b).

5. Venue is proper in this district pursuant to 33 U.S.C. § 1319(b) and 28 U.S.C. § 1391(b) because the Defendant is located in this district and the acts or omissions that form the basis of this complaint occurred within this district.

6. As a signatory to this Complaint, Ohio has actual notice of the commencement of this action in accordance with 33 U.S.C. § 1319(b).

7. The Attorney General of the United States is authorized to appear and represent the United States in this case pursuant to 33 U.S.C. § 1366 and 28 U.S.C. §§ 516 and 519.

8. The Ohio Attorney General is authorized to appear and represent Ohio in this case pursuant to Ohio Rev. Code Ann. § 6111.07.

## THE PARTIES

9. Plaintiff, United States of America, is acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency.

10. When the United States sues a municipality of a State, 33 U.S.C. § 1319(e) requires the joinder of the State as a party. Ohio is a co-plaintiff with the United States in this case.

11. Plaintiff, the State of Ohio, is acting at the request and on behalf of the Director of Ohio EPA.

12. The State of Ohio is a "State" within the meaning of 33 U.S.C. § 1362(3), and a "person" within the meaning of Ohio Rev. Code Ann. § 6111.01(I).

13. Defendant, the City of Lakewood, Ohio, is a municipality organized and existing under the laws of the State of Ohio, and located in Cuyahoga County, Ohio. Among other responsibilities, Lakewood has authority and control over a Wastewater Treatment Plant ("WWTP"), located at 1699 Valley Parkway in Lakewood, Ohio, and a sewage collection system that collects sewage from residential, commercial, and industrial sources for the purpose of transporting the sewage for treatment at the WWTP. Lakewood's sewage collection and treatment system serves an area covering the City of Lakewood and a portion of the City of Rocky River.

14. Lakewood is a "municipality" and a "person" within the meaning of 33 U.S.C. § 1362(4) and (5), and a "person" within the meaning of Ohio Rev. Code Ann. § 6111.01(I), and Ohio Adm. Code 3745-33-01(P).

## STATUTORY AND REGULATORY BACKGROUND

15. The objective of the CWA is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters. 33 U.S.C. § 1251.

16. To promote the objective of the CWA, the CWA prohibits the "discharge of any pollutants" by any person except, among other things, in compliance with a NPDES permit issued by an authorized state pursuant to 33 U.S.C. § 1342(b). 33 U.S.C. § 1311(a).

17. The CWA defines "discharge of a pollutant" to mean, among other things, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

18. The CWA defines "pollutant" to include sewage. 33 U.S.C. § 1362(6).

19. Under the CWA, a "point source" is "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

20. The CWA defines "navigable waters" as "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

21. 33 U.S.C. § 1342(a) provides that the permit issuing authority may issue an NPDES permit that authorizes the discharge of any pollutant directly into navigable waters of the United States, but only in compliance with the applicable requirements of 33 U.S.C. § 1311 and such other conditions as the authority determines are necessary to carry out the provisions of the CWA.

22. 33 U.S.C. § 1342(q) provides that each permit, order, or decree issued after December 21, 2000, for discharges from a municipal combined sewer system shall conform to

EPA's Combined Sewer Overflow Control Policy ("CSO Policy"), 59 Fed. Reg. 18,688 (Apr. 19, 1994).

23. The CSO Policy requires permittees to develop Long-Term Control Plans ("LTCPs") for controlling CSOs, designed to achieve compliance with state water quality standards. *Id*. at 18,691.

24. The CSO Policy requires a permittee's Long Term Control Plan to give the highest priority to controlling overflows to sensitive areas. *Id*. at 18,692. For such areas, the plan should eliminate or relocate overflows that discharge to sensitive areas wherever physically possible and economically achievable. *Id*. Sensitive areas are determined by the NDPES authority and may include, *inter alia*, waters with primary contact recreation. *Id*.

25. At all times relevant to this complaint, OEPA has been and continues to be authorized by the Administrator to implement the NPDES permit program for discharges into navigable waters within its jurisdiction pursuant to 33 U.S.C. § 1342(b).

26. 33 U.S.C. § 1319(b) authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person violates 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued under 33 U.S.C. § 1342.

27. Pursuant to 33 U.S.C. § 1319(d) and 40 C.F.R. § 19.4, Lakewood is liable for civil penalties of $59,973 per day for each violation occurring after November 2, 2015.

28. Pursuant to 33 U.S.C. §§ 1319, this court may grant injunctive relief to address violations of 33 U.S.C. § 1311 and the terms and conditions of an NPDES permit issued under 33 U.S.C. § 1342.

29. Ohio Rev. Code Ann. § 6111.04 prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

30. Ohio Rev. Code Ann. § 6111.07(A) prohibits any person from violating any duty imposed by Ohio Rev. Code Ann. §§ 6111.01 to 6111.08, any rule adopted pursuant to Ohio Rev. Code Ann. Section 6111 or any term or condition of a permit issued by the Director of OEPA.

31. Ohio Rev. Code Ann. § 6111.07(B) authorizes the Ohio Attorney General to commence a civil action against any person who violates or is threatening to violate Ohio Rev. Code Ann. Section 6111 or any rule adopted or permit issued pursuant to that chapter.

32. Ohio Rev. Code Ann. § 6111.09(A) provides that any person who violates Ohio Rev. Code Ann. Section 6111 or any rule adopted or permit issued pursuant to that chapter is subject to a civil penalty of up to $10,000 per day for each day of violation.

## **GENERAL ALLEGATIONS**

A.  **Lakewood's Sewage Collection System**

33. Defendant's sewage collection system collects, and conveys to Defendant's WWTP for treatment, sanitary sewage and other pollutants from the City of Lakewood and a portion of the City of Rocky River with a service population of approximately 52,000 people.

34. Defendant's sewage collection system conveys sewage and other pollutants to Defendant's WWTP for treatment and includes both "combined sewers" (i.e., pipes that carry

both sewage and stormwater in the same pipe) and "separate sewers" (i.e., two sets of pipes, one set to carry sewage and another for stormwater).

35. The separate sanitary sewers transport sanitary sewage and industrial waste to the wastewater treatment plant, though numerous cross-connections exist between the separate sanitary sewer system and the storm sewer system that allow sewage to enter the storm sewers and discharge from the stormwater outfalls.

36. The sewage that Defendant conveys or stores in its sewage collection system, and the wastewater that Defendant treats and discharges at its WWTP, contain "pollutants" as that term is defined in 33 U.S.C. § 1362(6) and (12) and Ohio Admin. Code 3745-33-01.

37. Discharges from Lakewood's sewage and stormwater collection systems and WWTP enter the Rocky River or Lake Erie.

38. Lake Erie is an interstate water and the Rocky River is a direct tributary to the lake with year-round flow.

39. The Rocky River and Lake Erie are "navigable waters" as that term is defined in 33 U.S.C. § 1362(7).

**B.    Lakewood's NPDES Permits**

40. On or about February 13, 2015, OEPA issued to Defendant under the authority of 33 U.S.C. § 1342, and the Ohio Water Pollution Control Act, Ohio Rev. Code Ann. Section 6111, a modified NPDES Permit No. OH0026018 (the "2015 Permit"). The 2015 Permit became effective on April 1, 2015.

41. Part II.F, of the 2015 Permit authorizes overflows during wet weather periods from nine designated combined sewer outfalls ("CSOs") that are located in the combined sewer

7

portion of Defendant's sewage collection system, subject to the requirements and limitations of the permit.

42. Part I.C. of the 2015 Permit notes that Lakewood discharges untreated sewage to waters that are considered a "Sensitive Area" under the federal CSO Policy. These waters include Lake Erie and the Rocky River as both water bodies have a high degree of public use and contact.

43. On or about July 26, 2021, OEPA issued to Defendant under the authority of 33 U.S.C. § 1342, and the Ohio Water Pollution Control Act, Ohio Rev. Code Ann. Section 6111, a modified NPDES Permit No. OH0026018 (the "2021 Permit"). The 2021 Permit became effective on August 1, 2021.

44. Part II.F. of the 2021 Permit authorizes overflows during wet weather periods from eight designated combined sewer outfalls ("CSOs") that are located in the combined sewer portion of Defendant's sewage collection system, subject to the requirements and limitations of the permit.

45. The 2015 and 2021 NPDES Permits do not authorize discharges from unpermitted or sanitary sewer outfalls ("SSOs") at any time.

46. The 2015 and 2021 NPDES Permits do not authorize discharges from any other outfalls or locations in Defendant's sewage collection system other than the outfalls and locations specified in the NPDES Permit.

47. The 2015 and 2021 NPDES Permits authorize Lakewood to discharge pollutants from its CSOs subject to certain limitations and conditions.

48. These limitations and conditions include, but are not limited to, the "General Effluent Limitations" set forth in Part III.2. of the 2015 and 2021 NPDES Permits, which provide that:

The Effluent shall, at all times, be free of substances:

A. In amounts that will settle to form putrescent, or otherwise objectionable, sludge deposits; or that will adversely affect aquatic life or water fowl;

B. Of an oily, greasy, or surface-active nature, and of other floating debris, in amounts that will form noticeable accumulations of scum, foam or sheen;

C. In amounts that will alter the natural color or odor of the receiving water to such degree as to create a nuisance;

D. In amounts that either singly or in combination with other substances are toxic to human, animal, or aquatic life;

E. In amounts that are conducive to the growth of aquatic weeds or algae to the extent that such growths become inimical to more desirable forms of aquatic life, or create conditions that are unsightly, or constitute a nuisance in any other fashion;

F. In amounts that will impair designated instream or downstream water uses.

**FIRST CLAIM FOR RELIEF**
**(Unauthorized Discharges of Untreated Sewage)**

49. Paragraphs 1 through 48 are realleged and incorporated herein by reference.

50. On at least 1,933 occasions from January 2016 through the present, Lakewood has discharged untreated sanitary sewage into waters of the United States, from either an unpermitted discharge point or a permitted stormwater discharge point. Such sanitary sewer overflows

constitute discharges of one or more "pollutants" from a "point source" to "navigable waters," within the meanings of those terms under the Clean Water Act and regulations.

51. Each of the foregoing unauthorized discharges from point sources constitutes a violation of 33 U.S.C. § 1311, and Ohio Rev. Code Ann. §§ 6111.04 and 6111.07(A), for each day of each discharge from each location.

52. Unless enjoined by the Court, Lakewood will continue to discharge SSOs in violation of its 2021 Permit, 33 U.S.C. § 1311, and Ohio Rev. Code Ann. §§ 6111.04 and 6111.07(A).

53. Pursuant to 33 U.S.C. §1319(d), and 40 C.F.R. § 19.4, Lakewood is liable for civil penalties not to exceed $59,973 per day for each violation.

54. Pursuant to Ohio Rev. Code Ann. §§ 6111.07 and 6111.09, Lakewood is subject to injunctive relief and civil penalties payable to the State of Ohio of up to $10,000 per day for each violation.

**SECOND CLAIM FOR RELIEF**
**(Discharges in Violation of General Effluent Limitations)**

55. The allegations of Paragraphs 1 through 48 are realleged and incorporated herein by reference.

56. On numerous occasions, from January 2016 through the present, Lakewood discharged effluent from CSO outfalls at a frequency and volume that violated one or more General Effluent Limitations in Part III.2. of Lakewood's 2015 and 2021 Permits, 33 U.S.C. § 1311, and Ohio Rev. Code Ann. §§ 6111.04 and 6111.07(A).

57. Unless enjoined by the Court, Lakewood will continue to discharge CSOs in violation of its 2021 Permit, 33 U.S.C. § 1311, and Ohio Rev. Code Ann. §§ 6111.04 and 6111.07(A).

58. Pursuant to 33 U.S.C. §1319(d), and 40 C.F.R. § 19.4, Lakewood is liable for civil penalties not to exceed $59,973 per day for each violation.

59. Pursuant to Ohio Rev. Code Ann. §§ 6111.07 and 6111.09, Lakewood is subject to injunctive relief and civil penalties payable to the State of Ohio of up to $10,000 per day for each violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs the United States of America and the State of Ohio respectfully request that this Court:

A. Permanently enjoin the City of Lakewood from any further violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, Ohio Rev. Code Ann. 6111, and all terms and conditions of Defendant's 2021 NPDES Permit;

B. Order the City of Lakewood to expeditiously complete all actions necessary to ensure that it complies with its 2021 NPDES Permit and all other applicable requirements of the Clean Water Act and Ohio Rev. Code Ann. 6111;

C. Issue a judgment assessing civil penalties against Defendant, and in favor of Plaintiff United States of America, not to exceed $59,973 per day for each violation;

D. Issue a judgment assessing civil penalties against Defendant, and in favor of Plaintiff State of Ohio, pursuant to Ohio Rev. Code Ann. § 6111.09, of up to $10,000 per day for each violation;

E. Award Plaintiffs United States of America and State of Ohio their costs and disbursements in this action; and

F. Grant Plaintiffs such other relief as the Court may deem just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

/s/ Alison C. McGregor
ALISON C. McGREGOR
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-1491
alison.mcgregor@usdoj.gov

MICHELLE M. BAEPPLER
First Assistant United States Attorney
Northern District of Ohio
/s/Steven J. Paffilas
STEVEN J. PAFFILAS (OH 0037376)
Assistant United States Attorney
United States Courthouse
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3698
Steven.Paffilas@usdoj.gov

OF COUNSEL:

ROBERT THOMPSON
Associate Regional Counsel
United States Environmental Protection Agency, Region 5

77 West Jackson Blvd.
Chicago, IL 60604

JAMES VINCH
Attorney
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, DC 20460

For the State of Ohio:

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

*/s/ Lawrence S. Helkowski*
**Lawrence S. Helkowski (0068622)**
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
Telephone: (614) 466-2766
Lawrence.helkowski@OhioAGO.gov